IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRG ENTERPRISES, INC., <br><br>           Plaintiff, <br><br> v.- <br><br> FIREMAN'S FUND INSURANCE COMPANY (AN ALLIANZ COMPANY), <br><br>           Defendant. | Case No. _____ |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, defendant FIREMAN'S FUND INSURANCE COMPANY (AN ALLIANZ COMPANY) ("FFIC"), by its undersigned attorneys CLYDE & CO US LLP., hereby removes the above-captioned action (the "Action"), bearing docket number 220301179 in the Pennsylvania Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, FFIC avers as follows:

1. On or about August 17, 2022, plaintiff KRG Enterprises, Inc. ("KRG") commenced the Action, currently pending in the Pennsylvania Court of Common Pleas, Philadelphia County, under docket no. 220301179.  FFIC was served with the Summons and Complaint on August 19, 2022. A true and complete copy of the Summons and Complaint, and all attachments thereto, is annexed hereto as **Exhibit A.**  FFIC has not yet served a responsive pleading in the Action, and no further proceedings have taken place in the Action.

2. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Federal district courts have original jurisdiction over civil actions where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds

$75,000. 28 U.S.C. § 1332(a)(1).

4. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

5. A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

6. Plaintiff KRG is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business in the Commonwealth of Pennsylvania. Ex. A., Compl. ¶ 3.

7. Defendant FFIC is a corporation organized under the laws of the State of Illinois, with a principal place of business in the State of Illinois. Consequently, for purposes of this removal action, FFIC is a citizen of Illinois and is, therefore, diverse from KRG.

8. FFIC removes this action based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b). As set forth below, the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. KRG's Complaint asserts two causes of action for breach of contract, alleging that FFIC has breached the subject insurance policy by declining to provide coverage for KRG's COVID-19-related claim under the policy's business income and extra expense coverage provisions, which includes minimum limits of insurance of $1,000,000, as well as the policy's civil authority coverage extension, with a limit of insurance of $1,000,000. Each count for breach of contract seeks a separate judgment against FFIC "in an amount in excess of $50,000, including all compensatory and/or consequential damages allowed by law, interest, and court costs." *See*

Compl. ¶¶ 90-101; Compl. Ex. A.  Therefore, the amount in controversy for the claims asserted against FFIC exceeds $75,000.

10. In addition to asserting a count for declaratory judgment, the Summons and Complaint asserts independent counts for breach of contract and bad faith. Therefore, this Court's jurisdiction over the entire Action is proper. *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 230 (3d Cir. 2017)

11. A copy of the Summons and Complaint was first received by FFIC on Friday, August 19, 2022, by certified mail.

12. This Notice of Removal is timely in that it is being filed within thirty (30) days after receipt by FFIC of a copy of KRG's Summons and Complaint on August 19, 2022, as required by 28 U.S.C. § 1441(b)(1).

13. After filing this Notice of Removal, FFIC will promptly serve written notice of this Notice of Removal on counsel for KRG and file the same with the Clerk of the Pennsylvania Court of Common Pleas, Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

14. Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process and pleadings in the Action, consisting of the Summons and Complaint.  *See* Exhibit A.

15. By removing the Action from the Pennsylvania Court of Common Pleas, Philadelphia County, FFIC does not waive any rights, defenses, or procedural remedies available to it.

16. By removing the Action from the Pennsylvania Court of Common Pleas, Philadelphia County, FFIC does not admit any of the allegations in the Complaint.

**WHEREFORE**, FFIC respectfully requests that the above-captioned Action now pending

in the Pennsylvania Court of Common Pleas, Philadelphia Count be removed therefrom to this Court.

Dated:  September 16, 2022         By:      s/*Daniel B. Palmer*
                                            Daniel B. Palmer (PA Bar ID # 323776)
                                            Kevin M. Haas (*pro hac vice* pending)
                                            Luke T. Barlow (*pro hac vice* pending)

                                            Clyde & Co US LLP
                                            340 Mt. Kemble Avenue, Suite 300
                                            Morristown, NJ 07960
                                            T: 973-210-6700
                                            F: 973-210-6701
                                            Daniel.Palmer@clydeco.us
                                            Kevin.Haas@clydeco.us
                                            Luke.Barlow@clydeco.us

                                            *Attorneys for Defendant Fireman's Fund Insurance Company (An Allianz Company)*